# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1693

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jose Isaac Hernandez, also known as | * | Eastern District of Missouri. |
| Felipe Mazahua, also known as | * | |
| Elisio Mejia-Rosario, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 7, 2005
Filed: October 12, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Hernandez pleaded guilty to illegal reentry. See 8 U.S.C. § 1326(a), (b)(2). His offense level under the Guidelines was enhanced by 16 levels because of his prior deportation after a drug-trafficking conviction for which the sentence was longer than 13 months. Hernandez objected to this enhancement as being too severe, and moved for a downward departure under U.S.S.G. § 5K2.0 for the same reason. Viewing the Guidelines as advisory and stating that it would consider the sentencing

factors in 18 U.S.C. § 3553(a), the district court[1] overruled the objection, finding that the plain language of the Guidelines made the enhancement appropriate, and denied the departure motion. The court sentenced Hernandez to 70 months imprisonment and 2 years supervised release. Hernandez appeals, arguing that the district court relied too heavily on the Guidelines range without adequately considering the other section 3553(a) factors, and that his sentence was unreasonable because it overstated the seriousness of his prior drug convictions.

We reject these arguments. The sentencing complied with United States v. Booker, 125 S. Ct. 738 (2005), as the court properly treated the Guidelines as advisory, determined that a departure was inappropriate, and considered the sentencing factors in section 3553(a) before giving a Guidelines sentence. See United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) (after Booker, district court must first determine appropriate Guidelines range, and then decide whether traditional departure is appropriate under Part K and/or U.S.S.G. § 4A1.3 of Guidelines, to arrive at Guidelines sentence; court must then consider all other sentencing factors in § 3553(a) to determine whether to impose Guidelines sentence or non-Guidelines sentence), petition for cert. filed, (U.S. July 14, 2005) (No. 05-5652). We also conclude that the sentence was not unreasonable.

Accordingly, we affirm.

_____

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.